**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

DANIEL WEASE                              :
    Plaintiff

v                                         :         Civil Action No. DKC-05-1145

KIRK JEFFERS                              :
    Defendant

o0o
**MEMORANDUM**

Pending in this civil rights action is Defendant's Motion to Dismiss, or to Compel Discovery. Paper No. 8. Although Plaintiff was advised of his right to file an opposition to the motion to dismiss and of the consequences of failing to do so, he has filed nothing further in this case.[1] Paper No. 10. For the reasons that follow, the Motion to Dismiss shall be granted.

Plaintiff alleges that on March 13, 2005, while he was incarcerated at the Montgomery County Detention Center (MCDC), Defendant closed Plaintiff's arm in a door causing him injury. Paper No. 1 at p. 5. Plaintiff claims that the injury he suffered required medical treatment and that Defendant also threatened his life. *Id*. In addition, Plaintiff alleges he was undergoing shock treatment[2] and did not have full use of his arm. *Id*.

On July 13, 2005, Defendant filed an Answer to the Complaint. Paper No. 6. A Scheduling Order was issued, requiring dispositive motions to be filed on or before November 30, 2005. Paper No. 7. Counsel for Defendant contacted Plaintiff on November 7, 2005, and scheduled his deposition for November 14, 2005. Paper No. 8 at p. 2 and Ex. 1. Plaintiff failed to appear for the deposition, in spite of his assurances to counsel that he understood his obligation to appear and that

---

[1] Plaintiff has not filed anything in this case since June 1, 2005, when he advised the court of his change of address following his release from MCDC. Paper No. 4.

[2] There is no allegation suggesting that Plaintiff's shock treatment was related to the March 13, 2005, incident.

he knew where to report. *Id*. at Ex. 2. Defendant asserts that he is unable to prepare a Motion for Summary Judgment without first engaging in discovery because the Complaint is vague with respect to details of the alleged incident.[3] *Id*. at p. 3.

Under Fed. R. Civ. Proc. 41(b), this action is subject to dismissal based upon Plaintiff's failure to comply with the discovery request and for failing to prosecute the case. Based on Plaintiff's failure to cooperate in discovery and his failure to oppose the Motion to Dismiss, the Complaint shall be dismissed.

Under Fed. R. Civ. Proc. 37(d), a party who has failed to participate in discovery may be subjected to sanctions. The rule provides that this court may issue an order requiring Plaintiff to pay the expenses incurred by Defendant, unless his failure to cooperate was substantially justified or other circumstances make the imposition of those costs unjust. *See* Fed. R. Civ. Proc. 37(d). Defendant has submitted evidence that he has incurred an expense of $50.00 for the scheduled deposition. Paper No. 8 at Ex. 3. Plaintiff will be granted 20 days within which to show cause why he should not be required to pay the expense to Defendant. Plaintiff is forewarned that his failure to file a response will result in an Order requiring him to pay the cost to Defendant. A separate Order follows.

\_\_\_\_\_2/24/06 _____  _____/s/_____
Date                                              ALEXANDER WILLIAMS, JR.
                                                  for DEBORAH K. CHASANOW
                                                  United States District Judge

---

[3] In Defendant's Memorandum in Support of the Motion to Dismiss, counsel asserts that an interview of Plaintiff's fellow cell mates revealed that they did not recall the incident described in the Complaint. Paper No. 8-2, at p.1, fn.1.